**Anthony M. GARRAWAY, Petitioner–Appellant,**

v.

**Glenn GOORD, Commissioner, Michael A. Corcoran, Superintendent, Respondents–Appellees.**

**No. 07–2489–pr.**

United States Court of Appeals, Second Circuit.

May 4, 2009.

Robin C. Smith, Brooklyn, N.Y., for Petitioner–Appellant.

Lisa Ellen Fleischmann (Roseann B. MacKechnie, Deputy Solicitor General, and Malancha Chanda, Assistant Attorney General, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, New York, N.Y., for Respondents–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. RICHARD K. EATON,* Judge.

**SUMMARY ORDER**

Petitioner–Appellant Anthony M. Garraway was convicted in New York state court, following a jury trial, of various charges relating to dogfighting and perjury. After the jury had been instructed but before the alternate jurors were released, Garraway informed the judge that he had seen a juror socializing with law enforcement officers during trial. He requested an evidentiary hearing, arguing that these contacts may have demonstrated that she was biased against him, and that it called into question the truthfulness of her answers during *voir dire*. The trial judge, however, declined to interview the juror. The jury returned a guilty verdict, and the conviction and sentence were entered.

In his state and federal habeas petitions, Garraway argued *inter alia* that the trial judge's failure to interview the juror violated his constitutional right to an impartial jury. The state courts denied his petition, and on federal habeas the U.S. District Court for the Northern District of New York (Kahn, *J.*), adopted a magistrate judge's recommendation doing the same. We granted a certificate of appealability with regard to Garraway's juror-related claims.

We review the dismissal of a habeas petition *de novo*. *Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir.2006). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may grant habeas relief only if a petitioner can show

that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Having independently reviewed the record, we conclude that the state court's decision not to interview the juror was neither contrary to, nor involved an unreasonable application of, clearly established federal law. *See id.* We have considered all of Garraway's claims, and find them to be meritless. Accordingly, we AFFIRM the decision of the District Court.